UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

|  |  |  |
|---|---|---|
| | x | |
| | : | Civil Action No.: 19-cv-172 |
| Sharon Fry, *on behalf of herself and others similarly situated*, | : | |
| | : | |
| | : | Complaint – Class Action |
| Plaintiff, | : | |
| | : | JURY DEMAND |
| vs. | : | |
| | : | |
| General Revenue Corporation, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | x | |

**Nature of this Action**

1.      Sharon Fry ("Plaintiff") brings this class action against General Revenue Corporation

("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.      Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated

telephone equipment, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the
> United States if the recipient is within the United States—
>
> (A)      to make any call (other than a call made for emergency purposes or made
> with the prior express consent of the called party) using any automatic
> telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii)      to any telephone number assigned to a paging service, cellular telephone
> service, specialized mobile radio service, or other radio common carrier
> service, or any service for which the called party is charged for the call,
> unless such call is made solely to collect a debt owed to or guaranteed by the
> United States[.]

3.      Upon information and good faith belief, Defendant routinely violates 47 U.S.C. §

227(b)(1)(A)(iii) by using an automatic telephone dialing system and an artificial or prerecorded

voice to place non-emergency calls to telephone numbers assigned to a cellular telephone service,

without prior express consent, in that it places autodialed calls to wrong or reassigned cellular telephone numbers.

## Jurisdiction

4.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5.      Venue is proper before this Court under 28 U.S.C. § 1391(b), as Defendant transacts business in this district, as Defendant is headquartered in this district, and as a substantial part of the events giving rise to this action occurred in this district.

## Parties

6.      Plaintiff is a natural person who at all relevant times resided in Inman, South Carolina.

7.      Defendant is a wholly owned subsidiary of Navient Corporation.

8.      Defendant is based in Mason, Ohio.

9.      Defendant "was founded in November 1981 to specialize in the collection of education-related receivables."[1]

10.      Defendant touts that it "offers a full-service collection effort, which includes:

• Specialized collection divisions dedicated solely to the collection of specific debt types

• State-of-the-art collection technology

• A proprietary approach to skip-tracing, customized to generate maximum leads in the least amount of time

• Multiple debtor payment options

---

[1]      https://www.generalrevenue.com/ContentSite/History.aspx (last visited Mar. 4, 2019)

• A single client services representative assigned to each client, teamed with a regional Sales Executive, who both become familiar our clients' portfolio and needs

• Website access for our clients to review online account information and reports"[2]

11.     Defendant has a public Utility Commission of Texas Automatic Dial Announcing Device permit, no. 040312, which it first obtained in 2004 and last renewed in April 2018.

12.     Defendant utilizes automated dialing technology, including the use of prerecorded or artificial voice technology, as part of its collection efforts.[3]

## Factual Allegations

13.     Beginning in approximately June 2018 and continuing through approximately December 2018, Defendant placed more than 60 telephone calls to Plaintiff's cellular telephone number—(864)-XXX-5645.

14.     Plaintiff is the subscriber to and customary user of her cellular telephone number.

15.     Plaintiff has had her cellular telephone number, continuously, for at least 10 years.

16.     Defendant placed its calls to Plaintiff's cellular telephone number from (607) 821-4011 and (855) 525-3230, each of which is assigned to Defendant.

17.     Upon placing outbound calls to telephone numbers (607) 821-4011 and (855) 525-3230, a prerecorded message states, "Thank you for calling General Revenue Corporation. This call may be monitored for quality assurance. . . ."

18.     Plaintiff answered at least two of Defendant's calls to her cellular telephone number.

19.     Upon answering Defendant's calls, Plaintiff experienced a noticeable delay before one of Defendant's representatives came on the line.

---

[2]     https://www.generalrevenue.com/ContentSite/Services.aspx (last visited Mar. 4, 2019)

[3]     https://www.linkedin.com/in/terry-lee-van-dyke-33a289a4 (last visited Mar. 4, 2019)

20.     During her calls with Defendant, Defendant's representative asked for a "Danielle Floyd."

21.     Plaintiff informed Defendant that she was not Danielle Floyd, did not know that person, and that Defendant should stop calling.

22.     No matter, Defendant's calls to Plaintiff's cellular telephone number continued.

23.     When Plaintiff did not answer Defendant's calls, Defendant left artificial or prerecorded voice messages on her cellular telephone.

24.     Defendant's prerecorded or artificial voice messages referenced "Danielle Floyd" and requested that Ms. Floyd return its calls.

25.     Plaintiff is not Danielle Floyd.

26.     Plaintiff does not know anyone named Danielle Floyd.

27.     Upon information and good faith belief, Defendant's records will show each call it placed, or caused to be placed, to Plaintiff's cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

28.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

29.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone numbers by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system

4

must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018).

30.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (Sept. 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

31.     Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

32.     Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

33.     Upon information and good faith belief, Defendant placed the calls to Plaintiff's cellular telephone number under its own free will.

34.     Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system, a predictive dialer, and an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

35.     Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system and an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

36.     Plaintiff is not, nor was, one of Defendant's customers.

37.     Plaintiff does not, nor did, have a business relationship with Defendant.

38.     Plaintiff does not, nor did, have a student loan of any kind.

39.     Plaintiff does not, nor did, owe any debt owed to or guaranteed by the United States.

40.     Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

41.     Plaintiff suffered actual harm as a result of Defendant's calls at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

42.     Indeed, as Plaintiff works nights, Defendant's daytime calls would occur while she was sleeping, often waking her up.

43.     As well, Defendant's calls unnecessarily tied up Plaintiff's cellular telephone line.

44.     Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system or an artificial or prerecorded voice to place calls to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**Class Action Allegations**

45.     Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a

representative of the following class:

> All persons throughout the United States (1) to whom General Revenue Corporation placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of General Revenue Corporation's calls, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint through the date of class certification.

46.     Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

47.     The proposed class is so numerous that, upon information and belief, joinder of all members is impracticable.

48.     The exact number of members of the class is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

49.     The proposed class is ascertainable because it is defined by reference to objective criteria.

50.     In addition, and upon information and belief, the cellular telephone numbers of all members of the class can be identified in business records maintained by Defendant and third parties.

51.     Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

52.     Like all members of the proposed class, Plaintiff received autodialed calls from Defendant, without her consent, on her cellular telephone, in violation of 47 U.S.C. § 227.

53.    Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

54.    Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the class that she seeks to represent.

55.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

56.    Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

57.    There will be little difficulty in the management of this action as a class action.

58.    Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

59.    Among the issues of law and fact common to the class are:

    a.   Defendant's violations of the TCPA;

    b.   Defendant's use of an automatic telephone dialing system, as defined by the TCPA, to place calls to cellular telephone numbers;

    c.   Defendant's use of an artificial or prerecorded voice in connection with calls to cellular telephone numbers;

    d.   Defendant's practice of calling wrong or reassigned cellular telephone numbers; and

    e.   the availability of statutory damages.

60.    Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

61.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-60.

62.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without her consent.

63.     Defendant separately violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, without her consent.

64.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

**Trial by Jury**

65.     Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)      Determining that this action is a proper class action;

b)      Designating Plaintiff as the class representative under Federal Rule of Civil Procedure 23;

c)      Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d)      Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

e)      Enjoining Defendant from continuing to place calls to Plaintiff's cellular telephone number, and from continuing to place calls to the cellular telephone numbers of members of the proposed class, without prior express consent;

f)      Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

9

g)      Awarding Plaintiff and the class treble damages under 47 U.S.C. § 227(b)(3);

h)      Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses

under Rule 23 of the Federal Rules of Civil Procedure;

i)      Awarding Plaintiff and the members of the class any pre-judgment and post-

judgment interest as may be allowed under the law; and

j)      Awarding such other and further relief as the Court may deem just and proper.


Date: March 4, 2019                    s/ *Ronald S. Weiss*
                                       Ronald S. Weiss (0076096)
                                       7035 Orchard Lake Road, Suite 600
                                       West Bloomfield, MI 48322
                                       Tel: (248) 737-8000
                                       Fax: (248) 737-8003
                                       ron@ronweissattorney.com

                                       Gary M. Klinger*
                                       Kozonis & Klinger, Ltd.
                                       4849 N. Milwaukee Ave., Ste. 300
                                       Chicago, Illinois 60630
                                       Telephone: 312.283.3814
                                       Fax: 773.496.8617
                                       gklinger@kozonislaw.com

                                       Michael L. Greenwald*
                                       Greenwald Davidson Radbil PLLC
                                       5550 Glades Road, Suite 500
                                       Boca Raton, Florida 33431
                                       Telephone: 561.826.5477
                                       Fax: 561.961.5684
                                       mgreenwald@gdrlawfirm.com

                                       *to seek admission *pro hac vice*

                                       Counsel for Plaintiff and the proposed class

10